EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

COLLEEN DOWELL,                                    Index No.:

                          Plaintiff,

              – against –                          **SUMMONS**

DOUGLAS STRONG, DANIEL TILMAN, OSCAR ROSA,         Plaintiff Designates New York
and ANDY AGUAYO,                                   County as the Place for Trial
                                                   Pursuant to CPLR §503
                          Defendants.

**To the above named Defendants:**

    **You are hereby summoned** to answer the Verified Complaint in this action, and to serve

a copy of your Verified Answer, or, if the Verified Complaint is not served with this Summons,

to serve a Notice of Appearance on Plaintiff's attorney within twenty (20) days after the service

of this Summons, exclusive of the day of service, where service is made by delivery upon you

personally within this state, or within thirty (30) days after completion of service where service is

made in any other manner. If you fail to Answer or, in proper circumstances, serve a Notice of

Appearance, judgment will be taken against you by default for the relief demanded in the

Verified Complaint.

Dated: New York, New York
      February 13, 2015

                                        Respectfully submitted,

                                        Mark A. Marino
                                        *Attorney for Plaintiff Colleen Dowell*
                                        Mark A. Marino, PC
                                        380 Lexington Avenue, 17th Floor
                                        New York, New York 10168
                                        Tel: 212.748.9552
                                        Fax: 646.219.5350

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

COLLEEN DOWELL,                                          Index No.:

                              Plaintiff,

              – against –                                **VERIFIED COMPLAINT**

DOUGLAS STRONG, DANIEL TILMAN, OSCAR ROSA,
and ANDY AGUAYO,

                              Defendants.

Plaintiff Colleen Dowell, by her attorney, Mark A. Marino, PC, for her Verified

Complaint against the defendants, alleges as follows, upon information and belief:

### NATURE OF THE ACTION

1.     Plaintiff Colleen Dowell ("Plaintiff") brings this action against Douglas Strong,

Daniel Tilman, Oscar Rosa, and Andy Aguayo (collectively, "Defendants"), all NYPD

detectives, for physical and psychological injuries (including loss of enjoyment of life), along

with past and future medical expenses, as a result of the assault, battery, and violations of

Plaintiff's civil rights perpetrated by Defendants between approximately 11:00 p.m. on February

16, 2012 to approximately 3:00 a.m. on February 17, 2012. (The facts underlying the allegations

set forth in this paragraph – that is, the acts occurring during the aforementioned time period –

are further described below and are hereinafter referred to as the "Incident.")

## PARTIES

2.     Plaintiff Colleen Dowell is, and was at the time of the Incident, a resident of New York County, State of New York.

3.     At the time of the Incident, Plaintiff was employed as a waitress at Parilla Restaurant (the "Restaurant"), located in this county at 3920 Broadway, New York, New York 10032.

4.     Defendant Douglas Strong ("Strong") was, at the time of the Incident, a detective employed by the New York City Police Department (the "NYPD"). Upon information and belief, Defendant Strong was stationed at the NYPD's 33rd Precinct at the time of the Incident and retired less than six months after the Incident.

5.     Defendant Strong was on duty during the Incident.

6.     Defendant Strong was acting under color of state law during the Incident.

7.     Defendant Strong was acting within the scope of employment by the NYPD and the City of New York during the Incident.

8.     Defendant Daniel Tilman ("Tilman") was, at the time of the Incident, a detective employed by the NYPD. Upon information and belief, Defendant Tilman was stationed at the NYPD's 33rd Precinct at the time of the Incident and is now at the NYPD's 46th Precinct.

9.     Defendant Tilman was on duty during the Incident.

10.    Defendant Tilman was acting under color of state law during the Incident.

11.    Defendant Tilman was acting within the scope of employment by the NYPD and the City of New York during the Incident.

12.    Defendant Oscar Rosa ("Rosa") was, at the time of the Incident, a detective employed by the NYPD.  Upon information and belief, Defendant Rosa was stationed at the NYPD's 33rd Precinct at the time of the Incident and is now at the NYPD's 40th Precinct.

13.    Defendant Rosa was on duty during the Incident.

14.    Defendant Rosa was acting under color of state law during the Incident.

15.    Defendant Rosa was acting within the scope of employment by the NYPD and the City of New York during the Incident.

16.    Defendant Andy Aguayo ("Aguayo") was, at the time of the Incident, a detective employed by the NYPD.  Upon information and belief, Defendant Aguayo was stationed at the NYPD's 33rd Precinct at the time of the Incident and retired on April 28, 2012 – just over two months after the Incident.

17.    Defendant Aguayo was on duty during the Incident.

18.    Defendant Aguayo was acting under color of state law during the Incident.

19.    Defendant Aguayo was acting within the scope of employment by the NYPD and the City of New York during the Incident.

20.    Defendants Tilman, Rosa, and Aguayo are hereinafter referred to, collectively, as the "Enabling Defendants."

## JURISDICTION AND VENUE

21.    This Court has jurisdiction over the parties pursuant to New York's Civil Practice Law and Rules ("CPLR") §301.

22.    Venue in this County is proper pursuant to CPLR §503 and/or CPLR §504(3).

23.    Plaintiff demands judgment against Defendants in an amount exceeding the jurisdiction of all lower courts.

## FACTUAL ALLEGATIONS

24. Plaintiff was employed as a waitress at the Restaurant during the Incident.

25. Plaintiff had been working at the Restaurant for less than two weeks prior to the Incident.

26. Early in the evening of February 16, 2012, Defendants went to the Restaurant and began having dinner and drinking alcohol.

27. Defendants were at the Restaurant and on duty at some or all points in time during the Incident.

28. Defendants had been to the Restaurant to eat and drink (alcohol) many times in the past, including while on duty.

29. Defendants had a continuing relationship with, among others, one of the owners of the Restaurant, Jose Hernandez (the "Restaurant Owner").

30. The Restaurant Owner told Plaintiff that Defendant Strong had an upcoming birthday.

31. At approximately 11:00 p.m. on February 16, 2012, the Restaurant Owner asked Plaintiff to sit down and eat and drink with Defendants for Defendant Strong's birthday.

32. Plaintiff sat down and had drinks with Defendants for at least an hour.

33. The Enabling Defendants were boasting to Plaintiff about Defendant Strong.

34. The Enabling Defendants were drinking in front of Plaintiff and Defendant Strong for approximately one hour.

35. The Enabling Defendants encouraged both Plaintiff and Defendant Strong to drink alcohol.

4

36.     At approximately 12:00 a.m. on February 17, 2012, the Restaurant Owner and Defendant Strong asked Plaintiff to "come to the back of the restaurant," where the Restaurant Owner had his own personal table.

37.     The Enabling Defendants cheered at the Restaurant Owner's suggestion (that Plaintiff go to the back of the Restaurant).

38.     One of the Enabling Defendants, in the presence of the other two Enabling Defendants, told Defendant Strong on to "take his time" and "they'd be waiting for him."

39.     The Restaurant Owner's personal table was in a public area in the Restaurant.

40.     Since the Restaurant Owner's personal table was in a public area, Plaintiff felt safe going with the Restaurant Owner and Defendant Strong.

41.     The Enabling Defendants knew that Defendant Strong planned to have sexual relations with Plaintiff.

42.     The Enabling Defendants knew that the Restaurant Owner planned to have sexual relations with Plaintiff.

43.     At this time, Plaintiff was in a precarious situation – walking through the Restaurant behind the Restaurant Owner, the man who signed her paycheck, and in front of Defendant Strong, an NYPD detective.

44.     The Restaurant Owner did not take Plaintiff to his personal table.

45.     The Restaurant Owner led her past his personal table and into a hallway in the very back of the Restaurant.

46.     The Enabling Defendants continued to drink alcohol.

47.     The Restaurant Owner led Plaintiff to a room at or near the end of the hallway.

48.     Plaintiff had never seen this room.

49.     The Restaurant Owner unlocked the door to the room, which had a bed and the specific type of wine Plaintiff had been drinking in it.

50.     Defendant Strong knew this room existed.

51.     The Enabling Defendants knew this room existed.

52.     Plaintiff became afraid after realizing what the Restaurant Owner and Defendant Strong meant by "come to the back of the restaurant."

53.     Plaintiff entered the room followed closely by Defendant Strong, an NYPD detective. The Restaurant Owner left the room shortly thereafter.

54.     Plaintiff, who was now alone with Defendant Strong, communicated to Defendant Strong that she was uncomfortable and attempted to avoid Defendant Strong's advances.

55.     Despite Plaintiff's protests, Defendant Strong began kissing and touching her.

56.     Plaintiff lost consciousness during her protesting and was thus physically unable to communicate unwillingness to act.

57.     Plaintiff was fully clothed when she lost consciousness.

58.     Defendant Strong removed Plaintiff's clothing.

59.     Defendant Strong came into physical contact with Plaintiff, against her will, in a manner consistent with the actions set forth in various sections of New York's Criminal Penal Law cited in CPLR §213-c (described in detail in Paragraphs 79-87).

60.     Defendant Strong got dressed after he was done with Plaintiff.

61.     Defendant Strong took Plaintiff's underwear.

62.     Defendant Strong left and rejoined his colleagues, who had waited for him (as they had promised).

63.     Defendant Strong abandoned Plaintiff, who was alone, naked, and unconscious in a secret room with a bed in it in the back of a Restaurant.

64.     Defendant Strong communicated to the Enabling Defendants that Plaintiff was alone and naked in the room.

65.     The Restaurant Owner, with this knowledge, was emboldened by the actions of Defendants.

66.     The detectives, through their words and their actions, communicated to the Restaurant Owner that he would not be arrested, punished, or otherwise interfered with.

67.     Defendants contributed to the vulnerability of the plaintiff.

68.     Plaintiff woke up naked at approximately 3:00 a.m. to find the Restaurant Owner touching and sexually assaulting her in a way contemplated by CPLR §312-c.

69.     Plaintiff got dressed and left the Restaurant crying.

70.     Plaintiff went to the hospital on the night of February 17, 2012 and took a rape kit test, which was commandeered by the NYPD's Internal Affairs Bureau ("IAB").

71.     Defendant Strong returned Plaintiff's underwear the following day.

72.     Plaintiff spoke to detectives from IAB on the night of February 17, 2012 and was subsequently contacted by IAB at least three times to gather further information.

73.     The IAB investigation is now complete, but the results and findings are still unknown to Plaintiff.

74.     The results of the rape kit test are unknown to Plaintiff.

75.     Upon information and belief, Defendants were placed on modified duty.

76.     Upon information and belief, two of Defendants were ordered to go to a rehab program for alcohol abuse.

**JURY TRIAL DEMANDED**

77.    Plaintiff demands a trial by jury on all causes of action.

**FIRST CAUSE OF ACTION**
**SEXUAL ASSAULT AND BATTERY PURSUANT TO CPLR §213-C**
**As Against Defendant Strong**

78.    Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 77, inclusive, as though fully set forth herein.

79.    Defendant Strong intentionally initiated wrongful physical contact with Plaintiff without justification or consent (during the time of the Incident).

80.    Defendant Strong had sex with Plaintiff while she was unconscious (during the time of the Incident).

81.    Defendant Strong had sex with Plaintiff while she was physically unable to communicate unwillingness to act (during the time of the Incident).

82.    Defendant Strong had sex with Plaintiff while she was unconscious (during the time of the Incident).

83.    Defendant Strong had oral sex with Plaintiff while she was physically unable to communicate unwillingness to act (during the time of the Incident).

84.    The actions of Defendant Strong caused Plaintiff to sustain injuries and/or damages, including, but not limited to, the following: physical injuries; psychological injuries; and past and future medical expenses.

85.    The actions of Defendant Strong occurred during the course, and within the scope, of employment by the NYPD and the City of New York.

86.    The actions taken by Defendant were willful, wanton, reckless, and/or malicious, and therefore entitle Plaintiff to punitive damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. 1983 – STATE CREATED DANGER
### As Against the Enabling Defendants

87.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 86, inclusive, as though fully set forth herein.

88.     The Fourteenth Amendment guarantees Plaintiff the substantive due process right to be free from state created dangers.

89.     The Fourteenth Amendment guarantees Plaintiff the substantive due process right to be free from unjustified intrusions on her liberty interest in personal security.

90.     The Enabling Defendants violated Plaintiff's substantive due process rights by communicating to Defendant Strong, through their words and their actions, that he would not be arrested, punished, or otherwise interfered with while engaging in misconduct likely to endanger Plaintiff's life, liberty, or property.

91.     The Enabling Defendants condoned Defendant Strong's drinking and indicated to Defendant Strong that he would not be disciplined for his conduct.

92.     The Enabling Defendants condoned Defendant Strong's drinking and indicated to Defendant Strong that he would not be disciplined for his conduct and any conduct stemming from the drinking.

93.     The Enabling Defendants violated Plaintiff's substantive due process rights by communicating to the Restaurant Owner, through their words and their actions, that he would not be arrested, punished, or otherwise interfered with while engaging in misconduct likely to endanger Plaintiff's life, liberty, or property.

94.     The Enabling Defendants facilitated and encouraged Defendant Strong, through their words and their actions, to take Plaintiff to the back of the Restaurant, knowing that Defendant Strong was going to engage in sexual activity with Plaintiff.

95.     The Enabling Defendants facilitated and encouraged the Restaurant Owner, through their words and their actions, to take Plaintiff to the back of the Restaurant, knowing that the Restaurant Owner was going to engage in sexual activity with Plaintiff.

96.     The Enabling Defendants facilitated and encouraged the Restaurant Owner, through their words and their actions, to take Plaintiff to the back of the Restaurant, knowing that Plaintiff was physically unable to communicate an unwillingness to act.

97.     The Enabling Defendants aided and abetted Defendant Strong in subjecting Plaintiff to unwarranted physical harm.

98.     The Enabling Defendants aided and abetted the Restaurant Owner in subjecting Plaintiff to unwarranted physical harm.

99.     Defendants condoned the Restaurant Owner's behavior and indicated to the Restaurant Owner that he would not be disciplined for his conduct.

100.    Defendant Strong was emboldened by the absence of repercussions.

101.    The Restaurant Owner was emboldened by the absence of repercussions.

102.    The Enabling Defendants contributed to the vulnerability of the plaintiff, who was passed out and lying naked on a bed in the back of a restaurant.

103.    The Enabling Defendants, government actors, enhanced the opportunity for the Defendant Strong's sexual assault and battery through their interaction and relationship with Defendant Strong.

104.    Defendants, government actors, enhanced the opportunity for the Restaurant Owner's sexual assault and battery through their interaction and relationship with the Restaurant Owner.

105.    The Enabling Defendants' actions were so egregious and so outrageous that they shock the contemporary conscience.

106.    The Enabling Defendants were acting under color of state law at the time of the Incident.

107.    The actions of the Enabling Defendants caused injuries to Plaintiff, including loss of freedom, physical injury, and psychological injury (among other things).

108.    The Enabling Defendants took the aforementioned actions during the course, and within the scope, of employment with the City of New York.

109.    The actions taken by the Enabling Defendants were willful, wanton, reckless, and/or malicious, and therefore entitle Plaintiff to punitive damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. 1983 – STATE CREATED DANGER
### As Against Defendant Strong

110.    Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 109, inclusive, as though fully set forth herein.

111.    The Fourteenth Amendment guarantees Plaintiff the substantive due process right to be free from state created dangers.

112.    The Fourteenth Amendment guarantees Plaintiff the substantive due process right to be free from unjustified intrusions on her liberty interest in personal security.

113.    Defendant Strong violated Plaintiff's substantive due process rights by communicating to the Restaurant Owner, through his actions and his words, that he would not be arrested, punished, or otherwise interfered with while engaging in misconduct likely to endanger Plaintiff's life, liberty, or property.

114.    Defendant Strong violated Plaintiff's substantive due process rights by communicating to the Restaurant Owner, through his words and his actions, that he would not be arrested, punished, or otherwise interfered with while engaging in misconduct likely to endanger Plaintiff's life, liberty, or property.

115.    Defendant Strong facilitated and encouraged the Restaurant Owner, through his words and his actions, to take Plaintiff to the back of the Restaurant, knowing that the Restaurant Owner was going to engage in illegal sexual activity with Plaintiff.

116.    Defendant Strong facilitated and encouraged the Restaurant Owner, through his words and his actions, to engage in illegal sexual activity with Plaintiff, knowing that Plaintiff was physically unable to communicate an unwillingness to act.

12

117.     Defendant Strong aided and abetted the Restaurant Owner in subjecting Plaintiff to unwarranted physical harm.

118.     Defendant Strong condoned the Restaurant Owner's behavior and indicated to the Restaurant Owner that he would not be disciplined for his conduct.

119.     The Restaurant Owner was emboldened by the absence of repercussions.

120.     Defendant Strong contributed to the vulnerability of the plaintiff, who he left passed out and lying naked on a bed in the back of a restaurant.

121.     Defendant Strong contributed to the vulnerability of the plaintiff when he took Plaintiff's underwear.

122.     Defendant Strong, a government actor, enhanced the opportunity for the Restaurant Owner's sexual assault and battery through his interaction and relationship with the Restaurant Owner.

123.     Defendant Strong's actions were so egregious and so outrageous that they shock the contemporary conscience.

124.     Defendant Strong was acting under color of state law at the time of the Incident.

125.     The actions of Defendant Strong caused injuries to Plaintiff, including loss of freedom, physical injury, and psychological injury (among other things).

126.     Defendant Strong took the aforementioned actions during the course, and within the scope, of employment with the City of New York.

127.     The actions taken by Defendant Strong were willful, wanton, reckless, and/or malicious, and therefore entitle Plaintiff to punitive damages in an amount to be determined at trial.

13

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in her favor and against Defendants, jointly and severally, for the following relief:

a.   damages for personal injuries, including physical, psychological, and emotional injuries, in an amount to be determined at trial;

b.   damages for past and future medical expenses in an amount to be determined at trial;

c.   punitive damages in an amount to be determined at trial;

d.   attorney's fees incurred in the instant action, whether or not mandated by statute;

e.   costs and expert fees incurred in the instant action, whether or not mandated by statute; and

g.   such other and further relief as the Court deems proper and fair.

Dated: New York, New York
       February 11, 2015

Respectfully yours,

MARK A. MARINO, PC

Mark A. Marino
*Attorney for Plaintiff Colleen Dowell*
380 Lexington Avenue, 17th Floor
New York, New York 10168
Tel:  212.748.9552
Fax:  646.219.5350

14

# VERIFICATION

STATE OF NEW YORK    )
                     )     ss:
COUNTY OF NEW YORK   )

 Colleen Dowell hereby affirms, under the penalties of perjury, to the following:

 I have read the foregoing Verified Complaint and know the contents thereof and the same is true to my knowledge, except as to the allegations based upon information and belief, and as to those matters, I believe them to be true.

Dated: New York, New York
   February 13, 2015

              _____
                Colleen Dowell

Sworn to and subscribed before me
this 13TH day of February 2015.

_____
Notary Public

BEATRICE E JONAH
Notary Public - State of New York
NO. 01JO6301175
Qualified in New York County
My Commission Expires Apr 14, 2018