cc
6/27/17



THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

ZACHARY W. CARTER
*Corporation Counsel*

VALERIE E. SMITH
*Senior Counsel*
Phone: (212) 356-2398
Fax: (212) 356-3509
vsmith@law.nyc.gov

U.S.~~~~
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/7/19

February 5, 2019

**VIA ECF**
The Honorable Naomi Reice Buchwald
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: Colleen Dowell v. Strong et al., 16 CV 6819 (NRB)

Your Honor:

I am a Senior Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, representing former defendant City of New York in the above-referenced matter. Defendant City writes to request that the Court compel plaintiff's former counsel, Mark Marino, Esq. to return the documents previously produced to him during the course of discovery pursuant to the "attorney's-eyes only" Confidentiality Stipulation and Protective Order ("protective order").

By way of background, a protective order was entered into by the parties and endorsed by the Court on January 17, 2017. See ECF No. 18. The protective order entitles defendant City to demand the return of their documents upon completion of the litigation. See ECF No. 18 at ¶ 9. On April 11, 2017, the City of New York was dismissed with prejudice from the action. See ECF No. 33. Thereafter, on or about June 26, 2017, the federal action was dismissed and remanded to New York State Court. See ECF Nos. 38, 39. On October 2, 2018, the protective order was extended to plaintiff's remaining claims in state court, with plaintiff entering into the same protective order as endorsed by Your Honor on January 17, 2017. See ECF Nos. 41, 42. On January 28, 2019, Mark Marino, Esq., plaintiff's former attorney, requested that the protective order be modified to allow him to produce attorney's-eyes only documents to plaintiff following his termination as counsel. See ECF No. 43. Plaintiff's request was denied on January 30, 2019. See ECF No. 44.

During the course of discovery in this action, while pending before Your Honor, defendant City produced a significant amount of documents to plaintiff in furtherance of the "attorneys-eyes only" provision of the protective order. These documents included, but were not

*[Handwritten margin notes: "So Ordered." signed, "Reice Buchwald USDJ 2/7/19"]*

limited to, sensitive information related to the police officer defendants, disciplinary records, unredacted documents related to the underlying IAB investigation, and confidential medical records.

On January 30, 2019 and February 4, 2019, the defendant City and Mr. Marino conferred via telephone regarding the return of the City's confidential documents. Mr. Marino, Esq., indicated that he was not refusing to return the documents, but that he was "hesitant to do so without a Court Order." Defendant City further submits that once plaintiff has retained new counsel, or should she choose to proceed *pro se*, a new protective order can be negotiated on the pending state court matter with the current parties to this action, in order to maintain the confidentiality of the documents and without prejudicing plaintiff.

For the foregoing reasons, defendant City respectfully requests that the Mr. Marino, Esq., be compelled to return the "attorney's-eyes only" documents to defendant City in accordance with the protective order. Thank you for your consideration in this matter.

Sincerely,

/s/
Valerie E. Smith
Senior Counsel
Special Federal Litigation Division

To:   BY ECF
      Mark Ashton Marino
      *Attorney for Plaintiff*

      James M. Moschella
      *Attorney for Defendants Strong, Tilman, and Aguayo*

      Rene Myatt
      *Attorney for Defendant Rosa*